IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; CAPITOL RECORDS, INC. a Delaware corporation; and BMG MUSIC, a New York general partnership, <br><br>Plaintiffs, <br><br>v. <br><br>SHARON VILLARREAL, <br><br>Defendant. | : : : : : : : : : : : : : : : : : : : : | CASE NO. 5:06-CV-323(CAR) |

## *ORDER ON MOTION FOR DEFAULT JUDGMENT*

The present case arises out of Defendant Sharon Villarreal's alleged unlawful acquisition and distribution of copyrighted recordings owned or licensed exclusively to Plaintiffs in violation of the Copyright Act, 17 U.S.C. §101 *et. seq*. Currently before the Court is Plaintiffs' motion [Doc. 6] for entry of default judgment and for an award of statutory damages and costs. Plaintiffs likewise seek entry of an injunction barring Defendant from future infringement of their copyrights. Defendant has not, as of the date of this Order, made an appearance in this case nor responded to either the entry of default against her or to the present motion for entry of default judgment. The Court, having considered the present motion, the complaint filed, the evidence submitted, and the relevant

1

law, finds that Plaintiffs' motion is due to be **GRANTED**.

## DISCUSSION

Plaintiffs Sony BMG Entertainment, UMG Recordings, Inc., Warner Bros. Records Inc., Virgin Records America, Inc., Capitol Records, and BMG Music (herein "Plaintiffs") are the copyright owners or licensees of exclusive rights under United States copyrights with respect to certain sound recordings. On September 19, 2006, Plaintiffs filed the present action pursuant to the Copyright Act, 17 U.S.C. §101 *et. seq*, alleging that Defendant Sharon Villarreal has, without the permission or consent of Plaintiffs, used (and continues to use) an online media distribution system to download Plaintiffs' copyrighted recordings, to distribute the copyrighted recordings to the public, and/or to make the copyrighted recordings available for distribution to others. Defendant was served with notice of this suit on September 19, 2006, but did not file an answer. As such, on November 10, 2006, Plaintiffs moved for entry of default and default was entered by the Clerk of Court on November 13, 2006.

Plaintiffs now move this Court to enter default judgment in its favor and to further award damages and costs to Plaintiffs and to enter an injunction barring Defendant from further infringing upon Plaintiffs' copyrights. Prior to ruling on the present motion, however, this Court must first note that "[a] defendant's default does not itself warrant the court entering a default judgment." DirecTV, Inc. v. Huynh, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered . . . . The defendant is not held to admit facts that are not well-

pleaded or to admit conclusions of law." Id. Simply put, a default should not be "treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Id. "Even after default [] it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998).

Having considered Plaintiffs' well-plead allegations in this case, the Court does find a sufficient basis in the Complaint [Doc. 1] for a judgment to be entered in Plaintiffs favor for violations the Copyright Act. Here, as mentioned above, Plaintiffs plainly allege that Defendant has, without the permission or consent of Plaintiffs, used an online media distribution system to download Plaintiffs' copyrighted recordings, to distribute the copyrighted recordings to the public, and/or to make the copyrighted recordings available for distribution to others. These allegations do state a claim for copyright infringement. See e.g., Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 125 S. Ct. 2764, 2772 (2005) (suggesting that downloads of copyrighted materials were acts of infringement); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001) (agreeing that act of downloading copyrighted recordings infringed upon copyright holder's exclusive rights of production and distribution); Elektra Entertainment Group, Inc. v. Crawford, 226 F.R.D. 388, 392-93 (C.D. Cal. 2005) (finding plaintiffs stated a claim for copyright infringement on allegations that defendant, without permission of copyright owners, downloaded copyrighted recordings and made them available for distribution to the public).

And, of course, by her default in this case, Defendant has admitted these allegations

as true. See Ortiz v. Gonzolez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002) ("A defaulting party is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability . . . ."). This Court therefore finds that Plaintiffs have sufficiently stated claims for relief under the Copyright Act and that, by defaulting, Defendant has admitted her liability for such violations. Plaintiffs' motion for entry of default judgment is accordingly **GRANTED**.

Having concluded that Plaintiffs are entitled to entry of default judgment, the Court must now turn its attention to the relief requested. Under the Federal Rules of Civil Procedure, the district court may enter a default judgment awarding damages without a hearing "if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." Huynh, 318 F. Supp. 2d at 1129. Ultimately, "[t]he decision whether to call for a hearing before awarding damages in a default judgment rests in the district court's discretion." Id.; see also Fed. R. Civ. P. 55(b) ("If . . . it is necessary to . . . determine the amount of damages . . . , the court may conduct such hearings or order such references as it deems necessary and proper). Here, having considered both the evidence submitted by Plaintiffs in support of the present motion and the type of relief ultimately sought, this Court finds that a hearing on the issue of damages is not warranted. Relief shall be granted as follows:

    A. Compensatory Damages

In this case, Plaintiffs seek an award of statutory damages in the amount of $6,000.00. The damages provision of the Copyright Act does provide that a copyright owner may elect, at any time before final judgment is rendered, to recover an award of

statutory damages in lieu of actual damages and lost profits. 17 U.S.C. §504(c)(1). This section further provides that statutory damages may be recovered for "all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually . . . in a sum not less than $750 or more than $30,000 as the court considers just." Id. Thus, if the copyright owner so elects, he is entitled to recover, at least, $750 for each act of infringement. Clearly, "[i]n determining the statutory damages under the Copyright Act, the unit of damages is based not on the number of violations, but on the number of works infringed upon." Macklin v. Mueck, 2005 WL 1529259 *1 (S.D. Fla. Jan. 28, 2005); Arclightz & Films Pvt. Ltd. v. Video Palace, Inc., 303 F. Supp.2d 356 (S.D.N.Y. 2003). Therefore, to affix the measure of damages, the Court only "need only sum the number of separate, individual works which were the subject of a defendant's infringing activities." Macklin, 2005 WL 1529259 at *1.

Here, in support of the present motion, Plaintiffs show that eight (8) of their copyrighted recordings were downloaded and distributed (or made available for distribution) by Defendant. These recordings include: "Goodbye Earl", recorded by the Dixie Chicks; "I Got a Girl" recorded by Lou Bega; "A Long December," recorded by Counting Crows; "Black Balloon," recorded by Goo Goo Dolls; "Like a Virgin," recorded by Madonna; "Steal My Kisses," recorded by Ben Harper; "Another Brick in the Wall, Pt. 2," recorded by Pink Floyd; and "I Might Get Over You," recorded by Kenny Chesney. Applying the statutory formula for calculating damages in this case, this Court will simply multiply the minimum $750.00 statutory penalty by eight (8), the number of works infringed upon. Having done so, this Court agrees that an award of compensatory damages

5

in the amount of $ 6,000.00 is appropriate.

    B. Costs

In the present motion, Plaintiffs likewise seek to recover their costs incurred in bringing this action. Section 505 of the Copyright Act does provide that a district court may, in its discretion, allow a copyright owner to recover full costs. 17 U.S.C. § 505. Here, Plaintiffs have submitted the affidavit of counsel declaring that Plaintiffs have incurred costs in this case in the amount of $490.00. Having considered the matter, this Court agrees that an award of $490.00 in costs is reasonable.

    C. Injunctive Relief

Finally, Plaintiffs move this Court for entry of a permanent injunction barring Defendant from directly or indirectly infringing on Plaintiffs' copyrights, whether now in existence or later created. Plaintiffs further request that the Court require Defendant to destroy all copies of Plaintiffs' copyrighted recordings that Defendant has downloaded or has transferred onto any physical medium or device in Defendant's possession, custody, or control. Again, the Copyright Act provides for such relief to granted. Section 502(a) of the Act specifically permits a district court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. §502(a); Pacific & So. Co., Inc. v. Duncan, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984) (noting that the Copyright Act empowers a district court to enter an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright").

"Injunctions are regularly issued pursuant to the mandate of Section 502 because 'the public interest is the interest in upholding copyrighted protection.'" Arista Recordings,

Inc. v. Beker Enterprises, Inc., 298 F. Supp.2d 1310, 1314 (S.D. Fla. 2003) (quoting Autoskill, Inc. v. Natl. Educ. Support Sys., Inc., 994 F.2d 1476, 1499 (10th Cir. 1993)). Here, having considered the copyright infringements at issue, this Court finds that Defendant's past and current conduct has and will, unless enjoined, cause Plaintiffs irreparable injury that cannot be fully compensated or measured in money. Moreover, in light of Defendant's admitted infringement in this case, the need to protect Plaintiffs' copyrighted works, and the public interest in upholding copyright protection, the Court further finds that an injunction barring Defendant from infringing upon all of Plaintiffs' copyrighted recordings, and not just those eight recordings listed herein, is appropriate. For the same reasons, and because Plaintiffs will continually create new works, which may be vulnerable to similar infringement and would require future litigation, the Court finds that the injunction entered in this case should likewise cover works created in the future. See Arista, 298 F. Supp.2d at 1315 (enjoining defendants from infringing on any of the copyrighted works owned by plaintiffs, including those not listed in the complaint and any works created in the future). The injunctive relief requested by Plaintiffs is therefore appropriate and should be entered.

**CONCLUSION**

Accordingly, and for the reasons set forth above, it is hereby **ORDERED** that:

(1) Defendant Sharon Villarreal be permanently enjoined from directly or indirectly infringing on Plaintiffs' rights under federal or state law in the copyrighted recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of

Plaintiffs), including without limitation by using the Internet or any online media distribution system to reproduce or download any of Plaintiffs' copyrighted recordings, to distribute or upload any of Plaintiffs' copyrighted recordings, or to make any of Plaintiffs' copyrighted recordings otherwise available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs;

(2)     Defendant Sharon Villarreal destroy all copies of Plaintiffs' copyrighted recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control; and

(3)     The Clerk of Court enter final default judgment providing that Plaintiffs be awarded $6,000.00 in compensatory damages. The judgment shall further provide that Plaintiffs recover $ 490.00 for costs incurred in bringing the present action.

**SO ORDERED**, this 5th day of January, 2007.

                                                                                S/ C. Ashley Royal
                                                                                C. ASHLEY ROYAL,
                                                                                UNITED STATES DISTRICT JUDGE

SSH